# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYMAN MOORE**, | : CIVIL ACTION NO. 1:19-CV-233 |
| Plaintiff | : |
| | : (Chief Judge Conner) |
| v. | : |
| **CARBON COUNTY CORRECTIONAL FACILITY**, *et al.*, | : |
| Defendants | : |

# **ORDER**

AND NOW, this 25th day of March, 2020, upon consideration of the report (Doc. 31) of Magistrate Judge William I. Arbuckle, recommending that the court grant defendants' motion (Doc. 25) to dismiss plaintiff Wayman Moore's complaint for failure to state a claim for which relief may be granted, but also recommending that the court grant leave to amend since the deficiencies identified are factual and not legal in nature, and it appearing that Moore has not objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court

being in agreement with Judge Arbuckle that Moore's complaint presently fails to state claims for which relief may be granted and that leave to amend is appropriate, and concluding that there is no clear error on the face of the record,[1] it is hereby ORDERED that:

1. The report (Doc. 31) of Magistrate Judge Arbuckle is ADOPTED.

2. Defendants' motion (Doc. 25) to dismiss is GRANTED.

3. Moore's complaint (Doc. 2) is DISMISSED without prejudice.

4. Moore is GRANTED leave to amend his complaint in accordance with Judge Arbuckle's report within 30 days of the date of this order. Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the complaint (Doc. 2) hereinabove dismissed.

5. In the absence of a timely filed amended complaint, the Clerk of Court shall close this case. If a timely amended complaint is filed, this matter shall be remanded to Judge Arbuckle for further pretrial management.

6. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] We note one point of clarification. The report opines that Moore's Eighth Amendment claim fails in part because, even if Moore was required to sleep on the floor of his cell, "he has not provided sufficient *evidence* to establish a condition of confinement claim regarding the sleeping arrangements." (Doc. 31 at 8 (emphasis added)). At this Rule 12 stage, Moore's burden is one of pleading, not one of proof. We nonetheless agree with Judge Arbuckle's ultimate recommendation that this claim be dismissed, not for want of evidence, but because we find that Moore has not alleged sufficient facts to support his Eighth Amendment claim.